**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

─────────────────────────────────X
:
JOSE LOPEZ aka JOSE LOPEZ VILLATE, on :
behalf of himself and all others similarly situated, :
:
Plaintiff,   :  Civil Action No.
:
vs.   :  **CLASS ACTION COMPLAINT AND**
:  **JURY TRIAL DEMAND**
CREDIT COLLECTION SERVICES, INC.   :
:
Defendant.   :
:
─────────────────────────────────X

Plaintiff JOSE LOPEZ aka JOSE LOPEZ VILLATE (hereinafter "LOPEZ" or "Plaintiff"), of Bergen County, New Jersey, on behalf of himself and all others similarly situated, by and through his undersigned attorney, alleges against the above-named Defendant CREDIT COLLECTION SERVICES, INC., its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1.  Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of Bergen County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief defendant CREDIT COLLECTION

SERVICES, INC. ("CCS" or "Defendant") is a corporation organized under the laws of the State of Massachusetts with its principle place of business located at 725 Canton Street, Norwood, MA 02062.

9. Based upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class consists of:

- All natural persons with addresses in the State New Jersey who were sent collection letters and/or notices by Credit Collection Services, Inc. on behalf of PNC Bank in the same or similar form as Exhibit A which included the alleged conduct and practices described herein.

The class period begins one year prior to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of

all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibits A and B,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether the Defendant's collection letter was deceptive and misleading;

    c. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    d. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   e. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If the Defendant's conduct is allowed to proceed

without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

15. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16. Sometime prior to September 1, 2018, Plaintiff allegedly incurred a financial obligation to PNC Bank ("PNC") related to a credit card ("the Debt").

17. The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18. The alleged Debt obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. PNC is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. Sometime prior to September 1, 2018, PNC either directly or through intermediate transactions, sold, assigned, placed or transferred the Debt to Defendant for purposes of collection.

21. At the time the Debt was assigned, placed or transferred to Defendant, the Debt was in default.

22. On or about September 1, 2018, Plaintiff received in the mail a collection letter from Defendant. Attached as Exhibit A is a copy of the September 1, 2018 Collection Letter.

23. The September 1, 2018 collection letter was Defendant's initial communication to Plaintiff.

24. The top of the Collection Letter has letterhead for "Credit Collection Services"

25. However, elsewhere throughout the letter are references to "CCS". Yet, there is no indication who CCS is or if it is the same entity as Defendant.

26. Additionally, the September 1, 2018 collection letter identifies the creditor as "PNC Bank."

27. However, nothing in the September 1, 2018 letter indicates that PNC is the current creditor or that Defendant's client is PNC Bank.

28. In two places within the body of the September 1, 2018 collection letter, Plaintiff is invited to call Defendant for "personal attention." Such an invitation for Plaintiff to call Defendant may lead Plaintiff to believe that he could have disputed the debt simply by calling, despite the fact that section 1692g(a)(4) and (a)(5) requires that all disputes must be in writing.

29. The least sophisticated consumer may believe that he or she could also validly dispute the debt with Defendant orally by calling.

30. The invitation in the collection letter to contact Defendant by phone

7

overshadows and/or contradicts the 1692g(a) debt validation language.

31. Additionally, since the contact language indicates that the consumer should call during certain specified times, the least sophisticated consumer may think that in order to dispute the debt, he or she must do so only during those listed times.

32. Additionally, the September 1, 2018 collection letter states, "Unless you notify this office in **writing** within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid" (emphasis added.

33. However, section 1692g(a)(3) does not include a requirement that such dispute must be in writing.

34. Thus, the least sophisticated consumer may believe that he has to contact Defendant in writing, otherwise Defendant will assume the debt to be valid.

35. On October 12, 2018, Defendant mailed Plaintiff another collection letter. Attached as Exhibit B is a copy of the October 12, 2018 Collection Letter.

36. The October 12, 2018 collection letter does not specifically identify anywhere in the letter who the creditor is. The letter does not identify PNC Bank as the creditor, but simply states: "REGARDING: PNC BANK".

37. When the October 12, 2018 collection letter, which says "Regarding" PNC Bank", is read in conjunction with September 1, 2018 collection letter, which does not clearly identify the current creditor, the least sophisticated consumer could interpret the September 1, 2018 to mean that PNC Bank was not the current creditor.

38. Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

39. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

40. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

41. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

42. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

43. Defendant's collection letter which provided confusing and incorrect information, causing Plaintiff a concrete injury in that Plaintiff was deprived of his right to receive accurate and trustworthy information regarding her rights under the FDCPA.

44. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

45. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

46. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under

the FDCPA.

47. Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

48. The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

49. Defendant's failure to provide accurate information injured Plaintiff in that it impacted his or her ability to decide on how to proceed with respect to the matter – will he or she hire an attorney, represent himself or herself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

50. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

51. It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A and/or B**, which violate the FDCPA, by *inter alia*:

  (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

  (b) Using unfair or unconscionable means to collect or attempt to collect any debt, and/or

  (c) Engaging in overshadowing of the section 1692g debt validation notice;

52. On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibit A and/or B to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

53. Plaintiff repeats the allegations contained in paragraphs 1 through 52 as if the same were set forth at length.

54. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

55. By sending a collection letter, the same as or substantially similar to the September 1, 2018 and/or October 12, 2018 collection letters, Defendant violated:

   A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

   B. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

   C. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt;

   D. 15 U.S.C. §1692g by failing to comply with the debt validation provisions, including clearly identifying the name of the current creditor;

   E. 15 U.S.C. §1692g(a) of the FDCPA by failing to properly give the required notice.

   F. 15 U.S.C. §1692g(a)(3) of the FDCPA by falsely indicating that the dispute must be in writing.

G.  15 U.S.C. §1692g(b) of the FDCPA by engaging in collection activity that overshadowed or was inconsistent with the disclosure of Plaintiff's right to dispute the debt or request the name and address of the original creditor.

**WHEREFORE**, Plaintiff, on behalf of himself or herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding reasonable attorneys' fees, costs and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
          September 3, 2019

                                    Respectfully submitted,


                                    By: s/ Lawrence C. Hersh
                                        Lawrence C. Hersh, Esq.
                                        17 Sylvan Street, Suite 102B
                                        Rutherford, NJ  07070
                                        (201) 507-6300
                                        *Attorney for Plaintiff*


**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: September 3, 2019                                  By: s/ Lawrence C. Hersh
                                                                                                          Lawrence C. Hersh, Esq.

EXHIBIT A

# CREDIT COLLECTION SERVICES

725 Canton Street, Norwood, MA 02062
Self-service: www.ccspayment.com
Monday - Friday: 8:30AM-6:00PM, ET

**CALL CENTER: (617) 581-1073**

24732 1 AB 0.405 T 74
JOSE LOPEZ VILLATE

Date: 09/01/18
File Number: ▓▓▓▓▓▓279
Pin Number: ▓▓▓▓
Account Number Ending In: 7288

**CREDITOR:**
**PNC BANK**

**AMOUNT OF THE DEBT:**
**$265.70**

According to our client, the above referenced amount remains unpaid. As a result, your account has been placed with this office for recovery. We look forward to working with you to resolve this matter. Thank you.

**Federal Law:** Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.


**SELF-SERVICE WEBSITE:** You can upload correspondence, request telephone calls to stop, pay by check, debit card, arrange a payment plan, and more at our secure website: www.ccspayment.com.


**CALL CENTER:** You can receive personal attention from a Customer Service Agent during the hours referenced at the top of this notice: (617) 581-1073.


**MAIL PAYMENT:** You can mail your check together with the payment stub portion of this notice to: CCS Payment Processing Center, P.O. Box 55126, Boston, MA 02205-5126.


**MAIL OR FAX CORRESPONDENCE:** You can mail correspondence to: CCS P.O. Box 96, Norwood, MA 02062-0096 or fax to: (617) 762-3044. You can include a copy of this notice to avoid processing delays.

4099 - NJ

---

File Number: ▓▓▓▓▓▓279
Pin Number: ▓▓▓▓
JOSE LOPEZ VILLATE

**AMOUNT OF THE DEBT:**
**$265.70**

Important: Do not remit payment via balance transfer check(s). Do not mail post-dated checks. You can call (617) 581-1073 for personal attention. CCS may process payment as a one-time electronic funds withdrawal using information from your check.

## Go Green

We offer the ability to pay or send correspondence online. It's quick, easy, and helps protect the environment. Please consider visiting our self-service website at: www.ccspayment.com.

CCS
**PAYMENT PROCESSING CENTER**
P.O. BOX 55126
BOSTON, MA 02205-5126

9988840990226802790002657006

EXHIBIT B



**CREDIT COLLECTION SERVICES**
725 Canton Street, Norwood, MA 02062
Self-service: www.SettlementNotice.com
Monday - Friday: 8:30AM-6:00PM, ET

**CALL CENTER: (617) 581-1080**

Date: 10/12/18
File Number: ███████279
Pin Number: ███
Account Number Ending In: 7288

10309 1 MB 0.421 T 38
JOSE LOPEZ VILLATE
D82853A
00-CCS2WN1E-1
4080

| REGARDING: | AMOUNT OF THE DEBT: |
|---|---|
| PNC BANK | $265.70 |

### SETTLEMENT OPPORTUNITY

Thank you for your attention at this time. This is an opportunity to settle your past-due account at a discount. Please respond to this notice.

Please visit our self-service website @ www.SettlementNotice.com or contact our call center to discuss suitable settlement terms with a Customer Service Agent. Let's work together to resolve this matter. Thank you.

Once the agreed upon settlement amount has been posted by this office, your account will be closed and returned to your creditor as settled-in-full. We are required to make the following statement: This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

 **SELF-SERVICE WEBSITE:** You can upload correspondence, request telephone calls to stop, pay by check, debit card, arrange a payment plan, and more at our secure website: www.SettlementNotice.com.

 **CALL CENTER:** You can receive personal attention from a Customer Service Agent during the hours referenced at the top of this notice: (617) 581-1080.

 **MAIL PAYMENT:** You can mail your check together with the payment stub portion of this notice to: CCS Payment Processing Center, P.O. Box 55126, Boston, MA 02205-5126.

 **MAIL OR FAX CORRESPONDENCE:** You can mail correspondence to: CCS P.O. Box 96, Norwood, MA 02062-0096 or fax to: (617) 762-3044. You can include a copy of this notice to avoid processing delays.

4080 - NJ

---

File Number: ███████279
Pin Number: ███
JOSE LOPEZ VILLATE

| AMOUNT OF THE DEBT: |
|---|
| $265.70 |

Important: Do not remit payment via balance transfer check(s). Do not mail post-dated checks. You can call (617) 581-1080 for personal attention. CCS may process payment as a one-time electronic funds withdrawal using information from your check.

## Go Green

We offer the ability to pay or send correspondence online. It's quick, easy, and helps protect the environment. Please consider visiting our self-service website at: www.SettlementNotice.com.

CCS
PAYMENT PROCESSING CENTER
P.O. BOX 55126
BOSTON, MA 02205-5126

9970040800226802790002657703